UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGHAN PIPER JOHNSON, REBECCA PARDUE, and RODENELLIE PLUVIOSE, on behalf of themselves and all other persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BODY & POLE, INC. and KYRA JOHANNESEN,<br><br>*Defendants.* | Case No. 22-CV-00857-LTS<br><br>Chief Judge Laura Taylor Swain |

**ORDER**
**(1) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT;**
**(2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AND COLLECTIVE ACTION;**
**(3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIALS TO THE CLASS AND COLLECTIVE ACTION;**
**(4) APPOINTING CLASS REPRESENTATIVES, CLASS COUNSEL AND A SETTLEMENT ADMINISTRATOR; AND**
**(5) SETTING DATE FOR FAIRNESS HEARING.**

Following mediation and more than half a year of private discussions through counsel, the parties have negotiated a proposed settlement of this litigation. The terms of the proposed settlement are set forth in a proposed Settlement Agreement and Release (the "Settlement Agreement").

The Settlement Agreement resolves all claims at issue in this litigation, including claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et.

February 7, 2023

seq. ("FLSA"), which Plaintiffs assert on a collective action basis pursuant to Section 216(b) of the FLSA, and claims for violations of New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq. ("NYLL"), which Plaintiffs assert on a class basis pursuant to Federal Rule of Civil Procedure 23. The Settlement Agreement contemplates that the members of the proposed 216(b) collective action and proposed Rule 23 class action will provide limited releases of claims as against Defendants Body & Pole Inc. and its owner, Kyra Johannesen (together, "Defendants").

On November 9, 2022, the Plaintiffs filed an unopposed Motion For Preliminary Approval of the Proposed Class And Collective Action Settlement Agreement. In their unopposed motion, Plaintiffs request that this Court (1) grant preliminary approval of the Settlement Agreement, including the plan of allocation in that Settlement Agreement; (2) provisionally certify a collective action under Section 216(b) and a class under Rule 23 in connection with the settlement process; (3) approve the notices which are proposed to be sent to the members of the proposed collective action and class action; (4) appoint Meghan Piper Johnson, Rebecca Pardue, and Rodenellie Pluviose as Class Representatives, Granovsky & Sundaresh PLLC as Class Counsel, and Arden Caims Service LLC as settlement administrator; and (5) instruct the parties to appear before this Court for a Final Approval and Fairness Hearing.

Having reviewed Plaintiffs' unopposed motion and the Settlement Agreement and its exhibits, the Court finds and orders as follows:

I.    **Background**

Defendant Body & Pole, Inc. ("Body & Pole") runs a boutique fitness studio located on West 27th Street in Manhattan, offering classes in pole dancing and aerial fitness to the general public. Body & Pole also sells its members access to services like mentorships (where members are paired with an industry professional for training and advice) and showcases (where members perform before an audience, in order to gain dance and production experience). Body & Pole is wholly owned by Defendant Kyra Johannesen.

For a number of years, Body & Pole operated a "Work-Study Program." The participants, who were called "Work-Studies," typically signed commitment letters agreeing to work at Body & Pole for up to fifteen hours a week for twelve months, in exchange for free access to mentorships, showcases, professional workshops, studio space, and unlimited classes at Body & Pole, among other benefits. The Work-Studies were not, however, paid wages.

Plaintiffs Meghan Piper Johnson, Rebecca Pardue, and Rodenellie Pluviose served as Work-Studies at Body & Pole. They allege that they, like all Work Studies, did menial labor for Body & Pole: cleaning bathrooms and dance studios, preparing the rigging for dance classes, performing maintenance and repair work around the studio, and staffing the front desk. They allege that the work was repetitive, largely unsupervised, and did not provide them with meaningful educational or vocational benefits. They argue that, under both the FLSA and NYLL, they were entitled to be paid at least the minimum wage in cash or a cash equivalent.

3

Defendants dispute Plaintiffs' allegations. In particular, Defendants assert that the Named Plaintiffs and other Work-Studies were not Defendants' "employees" for purposes of FLSA or NYLL, because Plaintiffs were the primary beneficiaries of the relationship and the Work-Study Program was a valid unpaid internship and/or unpaid vocational training program under *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F. 3d 528 (2nd Cir. 2016), and its progeny. Defendants deny any and all liability for the claims that have been or could have been alleged by Plaintiffs or the persons that they seek to represent.

This action was commenced by Meghan Piper Johnson, Rebecca Pardue, and Rodenellie Pluviose on February 1, 2022. In the ensuing months, nineteen additional former Work-Studies filed consents to join the lawsuit and become party plaintiffs.

The Court has considered (1) the allegations, information, arguments, and authorities cited in Plaintiffs' Motion For Preliminary Approval of the Proposed Class And Collective Action Settlement Agreement; (2) the allegations, information, arguments, and authorities provided by the Parties in pleadings, letters, and motions before this Court; (3) Defendant's agreement, for settlement purposes only, not to oppose provisional certification of the Section 216(b) collective action or Rule 23 class action specified in the Settlement Agreement; and (4) the terms of the Settlement Agreement itself, including its definition of the proposed collective and class, its proposed waivers, and its exhibits, which include proposed notices to be sent to the members of the proposed collective and the class.

February 7, 2023

## II.     Preliminary Approval of the Terms of the Settlement Agreement, Including the Proposed Plan of Allocation

The Parties have entered into the Settlement Agreement solely for the purpose of compromising and settling their disputes in this matter.  As part of the Settlement Agreement, Defendants have agreed not to oppose, for settlement purposes only, conditional certification (1) of a collective action (the "Collective Action") under Section 216(b) of the FLSA, of all individuals who were Work-Studies at Defendant Body & Pole at any time from February 1, 2019 through the date of the Court's Order granting Preliminary Approval of the Settlement Agreement, and (2) of a settlement class (the "Class") consisting of all individuals who were Work-Studies at Defendant Body & Pole, at any time from February 1, 2016 through the date of the Court's Order granting Preliminary Approval of the Settlement Agreement.

As discussed in Section III below, the Court finds that provisional certification of the Class and the Collective Action is appropriate under Rule 23 and Section 216(b).

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement Agreement in Plaintiffs' motion.  Based on that review—and noting in particular Defendants' assertion that they would seek bankruptcy protection were litigation to continue—the Court concludes that the Settlement Agreement is within the range of possible settlement approval, and that notice to the Class and Collective Action of the settlement of the FLSA and NYLL claims is appropriate.

The Court has also read and considered the declaration of Benjamin Rudolph

Delson, Esq., in support of preliminary approval. Based on review of that declaration, as well as the role of a Court-appointed mediator in facilitating settlement, the Court concludes that the Settlement Agreement was negotiated at arm's length and is not collusive. The Court further finds that the Class Counsel were fully informed about the strengths and weaknesses of the Class's claims when they entered into the Settlement Agreement.

As to the proposed plans of allocation: the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval, such that notice to the Class and the Collective Action is appropriate.

Accordingly, the Court hereby grants preliminary approval of the Settlement Agreement and its plans for allocating settlement funds to the Class and the Collective Action.

### III. Provisional Certification under Rule 23 of the Class, and Conditional Certification under Section 216(b) of the Collective Action

The Court finds (exclusively for the present purpose of evaluating the settlement) that Plaintiffs meet all the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that the Class is sufficiently numerous, that there are common issues across the Class, that Plaintiffs Meghan Piper Johnson, Rebecca Pardue, and Rodenellie Pluviose's claims are typical of the Class, and that the named plaintiffs and their attorneys would be effective Class Representatives and Class

Counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability of the Class at trial. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and 23(e), the Court certifies this Class for the purposes of settlement, notice, and distribution only.

Similarly, the Court therefore concludes that the purported Collective Action satisfies the requirements of Section 216(b) of the FLSA. Accordingly, the Court conditionally certifies the Collective Action for the purposes of settlement only.

Should this Settlement Agreement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class and collective action certifications granted above shall be dissolved immediately upon notice to Plaintiffs and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiffs will retain the right to seek class and collective action certification in the course of litigation, and Defendants will have the right to oppose them. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

7

February 7, 2023

### A.    Appointment of Class Representatives

Plaintiffs Meghan Piper Johnson, Rebecca Pardue, and Rodenellie Pluviose are appointed as representatives of the Class under Rule 23.

### B.    Appointment of Class Counsel

Granovsky & Sundaresh PLLC is appointed as class counsel for the Class under Rule 23.

### C.    Appointment of the Settlement Administrator

Arden Claims Service LLC is appointed Settlement Administrator to perform the necessary duties to administer the Settlement Agreement.

## IV.    Approval of the Form and Manner of Distributing Notices and Opt-Out Forms to the Class and to the Collective Action Members

Plaintiffs have also submitted for this Court's approval notice materials (and an opt-out form) to be sent to the members of the Class and Collective Action. The Class Notice also encompasses proposed text and email notifications, as discussed below.

The proposed Class Notice appears to be the best notice practicable under the circumstances, and appears to allow the Class Members a full and fair opportunity to consider the parties' proposed settlement and to develop a response. The proposed plan for distributing the Class Notice appears to be a reasonable method calculated to reach all Class Members who would be bound by the Settlement Agreement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the

Settlement Agreement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees; (3) appropriate information about other payments that will be deducted from the settlement fund, including service awards of $1,000 to each of the three named Plaintiffs; (4) appropriate information about how to participate in the Settlement Agreement; (5) appropriate information about this Court's procedures for final approval of the Settlement Agreement; (6) appropriate information about how to challenge or opt-out of the Settlement Agreement, if they wish to do so; (7) appropriate information about how to notify the Settlement Administrator of any address changes; and (8) appropriate instructions as to how to obtain additional information regarding this litigation and the Settlement Agreement.

With respect to the members of the purported Collective Action (all of whom are also Class Members), the Court also finds that the proposed notice fairly, plainly, accurately and reasonably describes the terms of the proposed settlement of the FLSA claims in this matter. The Settlement provides that any member of the Collective Action who endorses their settlement check shall be deemed to have opted-in to the Collective Action, and shall waive all claims against Defendants under the FLSA. The Court finds this to be an appropriate mechanism for notice to members of the Collective Action and for resolution of their claims.

The Court therefore, having reviewed the proposed notices, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other

legal and due process requirements under Rule 23 and the FLSA. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed notice materials are hereby approved.

2. Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Notice Materials, **incorporating into the Notice the relevant dates and deadlines set forth in this Order and updating the caption and references to the presiding judge to reflect the name and initials of the undersigned, and the location of the hearing as set forth below.**

3. Within 14 calendar days of the date of entry of this Order, Defendants will provide the Settlement Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4. Within 30 calendar days of the date of entry of this Order, the Settlement Administrator shall (i) mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, using each Class Member's likeliest address (as determined via a "skip trace" as described in the Settlement Agreement); and (ii) email the final email version of the Class Notice, using the last known email addresses for Class Members. As to any Class Members for whom such mail and/or email notices are returned as undeliverable, the Settlement Administrator shall send a text message, as provided in the Class Notice, to each such Class Member whose telephone number is known to Defendants. The Settlement Administrator will

periodically update Plaintiffs' Counsel and Defendants' Counsel regarding returned mailings for which it is unable to obtain corrected addresses.

5. The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## V. Procedures for Final Approval of the Settlement Agreement
### A. Fairness Hearing

The Court hereby schedules, for **May 25, 2023, at the hour of 9:30 am**, a hearing to determine whether to grant final certification of the Class and final approval of the Settlement Agreement, including its plans for allocation (the "Fairness Hearing"). **The hearing will take place at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St, New York, NY 10007, in Courtroom 17C**. At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than **15 days** prior to the Fairness Hearing. Any papers in opposition to the petition must be filed no later than **7 days** before the Fairness Hearing, and any reply must be filed no later than **May 22, 2023**.

### B. Deadline to Request Exclusion from the Settlement Agreement

Class Members who wish to be excluded from the Settlement Agreement must submit a written and signed request to opt out to the Settlement Administrator ("Opt-Out Statement") provided with the notices. To be effective, such Opt-Out Statements must be delivered to the Settlement Administrator and postmarked by a date certain

11

February 7, 2023

to be specified on the Notice, which will be 45 calendar days after the Settlement Administrator makes the initial mailing of the notice.

The Settlement Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than 2 business days after receipt thereof. The Settlement Administrator also shall, within 14 calendar days after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel with a final list of all Opt-Out Statements. Also within 14 calendar days after the end of the Opt-Out Period, counsel for the Parties shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Settlement Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

### C.    Deadline to File Objections to the Settlement Agreement

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be delivered to the Settlement Administrator and postmarked by a date certain, to be specified on the Notice, which shall be 45 calendar days after the initial mailing by the Settlement Administrator of such Notice.

The Settlement Administrator shall stamp the postmark date and the date

received on the original and send copies of each objection to the Parties by email not later than 3 business days after receipt thereof. Counsel to the parties shall also file the date-stamped originals of any and all objections with the Clerk of Court within 14 calendar days after the end of the Opt-In Period.

### D. Deadline for Filing Motion for Judgment and Final Approval

No later than **21 days** before the Fairness Hearing, Plaintiffs and Defendants will submit a joint Motion for Judgment and Final Approval of the Settlement Agreement. Any papers in opposition to the motion must be filed no later than **7 days** before the Fairness Hearing, and any replies to opposition and responses to objections to the settlement must be filed no later than **May 22, 2023**.

### E. Effect of Releases & Qualification for Payment

If, at the Fairness Hearing, this Court grants Final Approval of the Settlement Agreement, then the Named Plaintiffs, each Collective Action Member who "opts in" by cashing their settlement check, and each individual Class Member who does not timely opt out, will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

Any individual Class Member who does not opt out will qualify for payment and will be sent a check containing their distribution of the Settlement Agreement after final approval of the Settlement Agreement, according to the timelines for payment provided in the Settlement Agreement.

This Order resolves docket entry no. 67.

SO ORDERED.

Dated:　　　February 7, 2023　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　The Honorable Laura Taylor Swain
　　　　　　　　　　　　　　　　　　Chief United States District Judge