## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MEGHAN PIPER JOHNSON, REBECCA PARDUE and RODENELLIE PLUVIOSE, on behalf of themselves and all other persons similarly situated, | Case No. 22-CV-00857 |
| *Plaintiffs,* |  |
| v. | Judge Laura Taylor Swain |
| BODY & POLE, INC. and KYRA JOHANNESEN, |  |
| *Defendants.* |  |

### ORDER
### (1) GRANTING FINAL APPROVAL TO PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT;
### (2) CERTIFYING THE SETTLEMENT CLASS AND COLLECTIVE ACTION; AND
### (3) APPROVING REQUEST FOR ATTORNEY'S FEES

This matter comes before this Court on Plaintiffs' Motion for Final Approval of the Proposed Class and Collective Action Settlement, Certification of the Settlement Class and Collective Action and Approval of Attorney's Fees ("Final Approval Motion"). Defendants join in the motion for Final Approval of the Class and Collective Action Settlement and Certification of the Settlement Class and Collective Action, but take no position on the motion for Approval of Attorney's Fees. After reviewing the underlying motion, the supporting Memorandum of Law in Support (the "Memorandum"), the Declaration of Benjamin Rudolph Delson dated May 3, 2023

("Delson Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motion, and no opt-out notices or objections to the final approval motion or Plaintiffs' fee application having been received, and for the reasons set forth on the record at the final fairness hearing held on May 25, 2023, the Court hereby makes the following determinations:

1.      The Court grants final approval of the settlement memorialized in the Settlement Agreement, attached to the Delson Decl. as Exhibit A, and except as noted herein "So Orders" all of its terms, which are incorporated herein. Capitalized terms used in this Order shall have the same meaning as set forth in the Settlement Agreement, unless otherwise defined herein.

***Approval of the Class Settlement:***

2.      The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met, warranting class certification for purposes of effectuating settlement.

3.      Meghan Piper Johnson, Rebecca Pardue and Rodenellie Pluviose (the "Named Plaintiffs"), whom the Court previously appointed as Class Representatives, and Granovsky & Sundaresh PLLC, which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

4.      The Court therefore hereby certifies the following class (the "Class") for settlement purposes pursuant to Fed. R. Civ. P. 23(e):   All individuals who were Work-Studies at Defendant Body & Pole, Inc., at any time from February 1, 2016 through February 7, 2023 (the date of the Court's Order granting Preliminary

2

Approval of the Settlement).

5.      The Court finds that sufficient notice of the proposed settlement was given to bind all members of the Class (the "Class Members"), and that the settlement is, in all respects, fair, adequate, and reasonable.  All Class Members will be bound by §4.1(A) of the Settlement Agreement and the release described therein.

***Approval of the Collective Action Settlement:***

6.      The Court hereby certifies the following Collective Action (the "Collective Action") under Section 216(b) of the Fair Labor Standards Act:   All individuals who were Work-Studies at Defendant Body & Pole, at any time from February 1, 2019 through February 7, 2023;

7.      The Court finds that the parties have provided sufficient information for the Court to determine that the proposed settlement of FLSA claims is fair and reasonable, and the Court approves the settlement of those claims pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199 (2d Cir. 2015).

8.      All members of the Collective Action who endorse their Individual Settlement Check will be bound by § 4.1(B) of the Settlement Agreement and the release described therein.

***Approval of the Service Awards***

9.      The Settlement provides for Service Awards of $1,000.00 each to each of the three Named Plaintiffs.  The Court approves those service awards and finds that those awards are fair and reasonable under the circumstances.  The Named Plaintiffs will be bound by §4.1(D) of the Settlement Agreement and the release described

3

therein.

*Approval of the Requested Attorney's Fees*

10.     The attorneys at Granovsky & Sundaresh PLLC who prosecuted this case as Class Counsel are experienced employment lawyers and have been zealous advocates for the Plaintiffs in this action.  The Court grants the request for attorneys' fees and costs and awards Granovsky & Sundaresh PLLC $36,000.00 in attorneys' fees, representing 30% of the gross Settlement Fund.  The fee award is justified by the work that Class Counsel did conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims.  This amount shall be paid from the Settlement Fund in the amounts and on the dates specified in § 3.1 of the Settlement Agreement.

11.     If no appeal is taken from this Order, the Effective Date of the Settlement Agreement will be thirty-one days from the date of entry of this Order.

12.     If any party or any individual with standing takes an appeal from this Order, the Effective Date of the Settlement Agreement will be the date of the Court's entry of any final order and judgment approving the settlement after any appeals are fully and finally resolved.

13.     The Defendants shall fully fund the Settlement Fund through payments made in the amounts provided in § 3.1 of the Settlement Agreement via three Payment Installments which shall be made on or before November 1, 2023, November 1, 2024 and November 1, 2025.

14.     The Settlement Administrator shall distribute the funds in the Settlement

4

4481287.1

Fund in the amounts provided in the Settlement Agreement within ten days after receipt of each Payment Installment.

15.     The Settlement Administrator and Class Counsel may engage in such reasonable communications with members of the Class as may be necessary to obtain information necessary to affect the distribution of funds, including requesting Forms W9 from members of the Class.

16.     This action is hereby dismissed with prejudice with respect to the Named Plaintiffs, all members of the Class who did not Opt Out, and all members of the FLSA Collective Action who endorse their Individual Settlement Checks.

17.     The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

18.     The Parties shall abide by all terms of the Settlement Agreement.


SO ORDERED.


Dated:      May 25, 2023

                                        The Honorable Laura Taylor Swain
                                        United States District Judge

4481287.1